UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-10262 DSF (RZx) | Date | 2/2/2012 |
| Title | Jamie Phillips, et al. v. Capital One Bank (USA), N.A., et al. | | |

| | |
|---|---|
| Present: The Honorable | DALE S. FISCHER, United States District Judge |

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order to Show Cause re Dismissal for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute . . . ." <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994).  The party asserting federal jurisdiction has the burden to prove that jurisdiction exists.  <u>Lewis v. Verizon Commc'ns, Inc.</u>, 627 F.3d 395, 399 (9th Cir. 2010).

Plaintiff claims that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d), otherwise known as the Class Action Fairness Act (CAFA).  (Compl. ¶ 13.) Under CAFA, federal courts have subject matter jurisdiction over all class actions in which: (1) the class has at least 100 members; (2) the amount in controversy exceeds $5 million; and (3) any member of plaintiff class is a citizen of a different state than any defendant (minimal diversity).  <u>Lowdermilk v. U.S. Bank Nat'l Ass'n</u>, 479 F.3d 994, 997 (9th Cir. 2007).  Although Plaintiff adequately alleges that both the class size and the amount in controversy requirements are met, (Compl. ¶¶ 17, 21, 42), Plaintiff fails to establish complete diversity.

A national bank is a citizen of the state in which its main office is located, as indicated by the bank's articles of association.  <u>Wachovia Bank v. Schmidt</u>, 546 U.S. 303, 318 (2006).  Because Plaintiff only alleges that Defendant is a national banking association with its principal place of business in Virginia, (Compl. ¶ 7), Defendants' citizenship for jurisdiction purposes cannot be determined.

Because Plaintiff does not adequately allege Defendant's citizenship, the Court orders Plaintiff to show cause in writing on or before February 10, 2012 why this action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

should not be dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.